IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELWOOD SMALL,
       Plaintiff,
       v.                            Case No. 3:08-cv-44-KRG-KAP
JOSEPH W. VISINSKY, ANNETTE
KOWALEWSKI, FRED R. MAUE, M.D.,
and RICHARD ELLERS,
       Defendants

## Report and Recommendation

### Recommendation

I recommend that defendants' motion to dismiss the complaint in part, docket no. 17, be granted. All counts of the complaint other than Count IV should be dismissed, with the state law claims dismissed without prejudice to plaintiff proceeding in state court under 42 Pa.C.S.§ 5103. As to Count IV, the parties are given notice to file cross summary judgment motions, with evidence in support, on or before December 31, 2008. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(sua sponte order of summary judgment permitted so long as the parties are notified that they must come forward with all relevant evidence).

### Report

I

Plaintiff is confined at S.C.I. Laurel Highlands and filed a complaint that the medical care provided to him by employees of the Pennsylvania Department of Corrections falls below constitutional standards. Plaintiff was housed at S.C.I. Houtzdale in mid-2006, was transferred to S.C.I. Somerset for arthroscopic surgery at Somerset Hospital on July 26, 2006, then was transferred

back to Houtzdale on August 1, 2006. Plaintiff alleges that this interfered with his receipt of needed physical therapy which was provided only at Laurel Highlands. On August 4, 2006, plaintiff and medical personnel at Houtzdale had a teleconference with Doctor Kates, the surgeon who had performed plaintiff's surgery. Kates allegedly recommended that plaintiff be transferred to Laurel Highlands to receive physical therapy as soon as possible. Plaintiff was transferred to Laurel Highlands on August 14, 2006, but alleges physical therapy did not resume until the end of September 2006. Plaintiff alleges permanent loss of range of motion as a result.

Count I and Count II are plaintiff's attempt to litigate this complaint as a class action. They incorporate the allegations I have just summarized and describe "Class Members" as plaintiffs and Frederick Maue and Richard Ellers as defendants. Count I seeks money damages and Count II seeks injunctive relief.

Count III alleges deliberate indifference on the part of Joseph Visinsky for ordering plaintiff transferred to Houtzdale and not Laurel Highlands. Count IV alleges deliberate indifference on the part of Annette Kowaleski for failing to ensure that plaintiff receive physical therapy more promptly when he was transferred back to Laurel Highlands.

What are styled as Count V and Count VI describe plaintiff's hypothetical claim that plaintiff may be prevented from

sending his medical records to an expert witness because Annette Kowaleski has told him that under DC-ADM 803 he needs permission from a "Ms. Nightingale, Release of Information Coordinator," to send medical records outside the prison system. In Count V, plaintiff asks the court to enjoin enforcement of this order because Nightingale might be influenced by Kowaleski to deny plaintiff the ability to send medical records out for evaluation, and because DC-ADM 803 gives Kowaleski access to plaintiff's litigation strategy. In Count VI, plaintiff asks for money damages.

Count VII and Count VIII are state law negligence claims against Visinsky and Kowaleski respectively for their actions described in Count III and Count IV respectively.

II

Counts I and II are class action counts. Because the plaintiff's attempt to pursue his complaint as a class action has been denied, docket no. 29, unless the Court accepts plaintiff's arguments that this matter should be a class action, see docket no. 30, these counts should be dismissed as moot.

Count III alleges deliberate indifference on the part of Visinsky, sometimes described by plaintiff as Vinisky. Prison inmates have a constitutional right derived from the Eighth Amendment that prison officials not be deliberately indifferent to their serious medical conditions. See Estelle v. Gamble, 429 U.S.

3

97, 105 n.10 (1976). Defendants do not argue the existence of a serious medical need, but deny that the complaint alleges Visinsky's deliberate indifference. Deliberate indifference is more than a failure to do what a reasonable person should have done:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and **he must also draw the inference**.

Farmer v. Brennan, 511 U.S. 825, 837 (1994)(my emphasis). See also Johnson v. Attorney General, 187 Fed.Appx. 154, 157 (3d Cir.2006)(An inmate whose appeal was dismissed because prison personnel failed to mail it on time had no federal claim because he failed to show defendants "**intentionally or deliberately prevented** his mail from being accurately dated."(my emphasis)). Although plaintiff alleges that Visinsky had "all relevant knowledge" docket no. 20, Brief in Opposition at 5, that sort of boilerplate is inadequate even in a pro se complaint to allege any useful facts. Plaintiff alleges just two facts: 1) that Visinsky knew "the plan was" for plaintiff to receive post-operative physical therapy; and 2) that Visinsky knew that Laurel Highlands was the only place providing physical therapy. Plaintiff concludes that Visinsky's decision to transfer was therefore the sort of knowing interference with a doctor's orders that ordinarily

constitutes deliberate indifference. The problem with plaintiff's argument is that the amended complaint alleges that Kates issued his recommendation on August 4, 2006, **after** the transfer to Houtzdale. Visinsky could not have known of Kates' recommendation before the transfer. The closest plaintiff comes to alleging deliberate indifference is his allegation that "the plan" called for physical therapy and this was known to Visinsky. The contents and author of "the plan" are not described in any of plaintiff's pleadings. Because this does not allege any actual recommendation known to Visinsky before the transfer, plaintiff's Count III fails to state a claim. If Visinsky should have known, which is what plaintiff sufficiently describes, that is a negligence claim and should be brought in state court.

Count V and Count VI describe plaintiff's fear of future injury should a set of hypothesized but improbable actions occur. The counts should be dismissed at the least because they are unripe: plaintiff by his allegations has neither suffered any compensable injury nor is in any danger of losing any legal right because of the existence of DC-ADM 803, or Kowaleski's directive that he comply with it. He alleges no facts sufficient to give him standing to challenge DC-ADM 803 or its application to him. Further, if in the future it appears that the actions of parties (or nonparties) in enforcing DC-ADM 803 might interfere with plaintiff's proper conduct of this litigation, the remedy is a

motion directed to this court under Fed.R.Civ.P. 37, not a separate count in the amended complaint.

The Court has supplemental jurisdiction over Counts VII and VIII, but there is no reason to expend the federal courts' scarce resources in adjudicating defendants' claim that the medical professional exception to sovereign immunity, 42 Pa.C.S.§ 8522(b), does not reach plaintiff's claims when plaintiff not only can file but has filed complaints over this identical matter in the Court of Common Pleas of Somerset County. The counts should be dismissed without prejudice to proceeding under 42 Pa.C.S.§ 5103(b).

DATE: October 21, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Elwood Small AM-9183
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631