IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELWOOD SMALL, :
        Plaintiff, :
        v. : Case No. 3:08-cv-44-KRG-KAP
JOSEPH W. VISINSKY, ANNETTE :
KOWALEWSKI, FRED R. MAUE, M.D., :
and RICHARD ELLERS, :
        Defendants :

MEMORANDUM ORDER

This matter has been referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on October 21, 2008, docket no. 31, recommending that defendants' motion to dismiss the amended complaint in part, docket no. 17, be granted and that the amended complaint (other than Count IV, the deliberate indifference claim against defendant Kowaleski) should be dismissed. The Magistrate Judge also ruled on several pretrial motions by plaintiff on August 29, 2008, in an Order at docket no. 29.

In both cases, the parties were notified that pursuant to 28 U.S.C. § 636(b), they had ten days to serve and file written objections to the Report and Recommendation or to appeal from the nondispositive pretrial order. In both cases plaintiff filed an appeal or objections, docket no. 30 (appeal from the Order of August 29, 2008) and docket no. 32 (objections to the Report and Recommendation).

Upon de novo review of the record of this matter, the Order of August 29, 2008, the Report and Recommendation, and the objections thereto, the Report and Recommendation is adopted as the opinion of the Court, with the exception of the recommended dismissal of count III (the deliberate indifference claim against defendant Visinsky.) The law of the circuit supports resolving close questions of the adequacy of a pro se complaint at the summary judgment stage rather than at the motion to dismiss stage, see e.g. Williams v. Kort, 223 Fed.Appx. 95 (3d Cir.2007), and taking plaintiff's objection as additional allegations of fact plaintiff's allegation that Visinsky canceled a transfer for physical therapy knowing that it had been ordered by Doctor Kates after the surgery and before August 4, 2006, adequately states a claim. Whether defendant Visinsky actually knew there was a medical necessity for therapy or had countervailing information, as plaintiff's exhibits tend to show, should be determined after the scheduled motions for summary judgment are filed.

Upon de novo review of the record of this matter, the Order of August 29, 2008, the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 4th day of December 2008, it is

ORDERED that the Magistrate Judge's Order of August 29, 2008, is affirmed. It is further

ORDERED that defendants' motion to dismiss the amended complaint, docket no. 17, is granted in part. The complaint is dismissed except for count III (the deliberate indifference claim against defendant Visinsky) and count IV (the deliberate indifference claim against defendant Kowaleski). The Clerk shall note the dismissal of all claims against defendants Maue and Ellers.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

Elwood Small AM-9183
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631

3