IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELWOOD SMALL,
        Plaintiff,
    v.                              Case No. 3:08-cv-44-KRG-KAP
JOSEPH W. VISINSKY, and ANNETTE
KOWALEWSKI,
        Defendants

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on February 18, 2009, docket no. 49, recommending that defendants' motion for summary judgment, docket no. 34, be granted and plaintiff's motion for summary judgment, docket no. 35, be denied. The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed objections, docket no. 50, objecting to the Report and Recommendation's analysis of causation. Plaintiff resubmitted one affidavit of an expert witness who did not examine plaintiff but who reviewed plaintiff's medical records, and attached two new expert witness affidavits which are aimed toward issues in the negligence action pending in the Court of Common Pleas of Somerset County. Defendants do not challenge the authenticity or admissibility of the affidavits.

Plaintiff does not point to any evidence that would show deliberate indifference on the part of either defendant. The plaintiff's evidence that defendant Visinsky was deliberately indifferent is based on the alleged delay in treatment plus email from Joan Trees expressing concern that physical therapy was being overprescribed in general. Visinsky was copied on the email, but plaintiff does not show that Visinsky acted with any subjective knowledge that a transfer back to S.C.I. Houtzdale risked any serious harm to plaintiff. As for defendant Kowaleski, there is no evidence that she delayed or refused to provide any specifically ordered physical therapy, much less that she did so with a culpable state of mind. If Kowaleski should have been in attendance at the September 8, 2006 teleconference with Dr. Kates or been more diligent on following up on various forms of physical therapy as a result of that teleconference, that is a question of negligence to be explored in the state court. It is not deliberate indifference.

Upon de novo review of the record of this matter, the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 27th day of March, 2009, it is

ORDERED that defendants' motion for summary judgment, docket no. 34, is granted and plaintiff's motion for summary judgment, docket no. 35, is denied. The Report and Recommendation as supplemented by this Memorandum Order is adopted as the opinion of the Court. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

Elwood Small AM-9183
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631

3